E-FILED
Tuesday, 26 May, 2026 01:27:38 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| BLANCA L., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cv-04228-SLD-RLH |
| | ) | |
| FRANK BISIGNANO, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the Court are Plaintiff Blanca L. and Defendant Commissioner of Social Security Frank Bisignano's ("the Commissioner") Joint Motion to Award Attorney Fees and Expenses, ECF No. 18, and Blanca's supplemental motion for attorney fees, ECF No. 20. Both motions request that the Court award Blanca $9,500.00 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1), which provides that a court must award fees and expenses to a prevailing party in any civil action brought by or against the United States. *See* Joint Mot. 1; Suppl. Mot. 1. For the reasons that follow, the motions are GRANTED.

BACKGROUND

Blanca filed this suit seeking judicial review of the Commissioner's final decision denying her application for disability insurance benefits and supplemental security income in December 2024. Compl., ECF No. 1. After briefing was completed, Magistrate Judge Ronald L. Hanna recommended that the Court reverse the Commissioner's decision and remand the matter to the Social Security Administration for further proceedings. *See generally* R. & R., ECF No. 13. The Commissioner objected, Obj., ECF No. 14, but the Court overruled the objection and adopted Judge Hanna's report and recommendation, *see* Jan. 30, 2026 Order, ECF No. 16. Judgment reversing the Commissioner's decision and remanding for further proceedings was

1

entered January 30, 2026.  Judgment, ECF No. 17.  The joint motion for fees was filed on March 19, 2026.  Pursuant to Court order, *see* May 15, 2026 Text Order, Blanca filed the supplemental motion to provide additional necessary information.

## DISCUSSION

### I.        Attorney's Fees Under the EAJA

Under the EAJA, a successful litigant against the federal government is entitled to recover her attorney's reasonable fees if: (1) she is a "prevailing party"; (2) the government's position was not "substantially justified"; (3) there exist no special circumstances that would make an award unjust; and (4) she filed a timely application with the district court.  28 U.S.C. § 2412(d)(1); *Krecioch v. United States*, 316 F.3d 684, 687 (7th Cir. 2003).

First, Blanca is a "prevailing party" within the meaning of the EAJA by virtue of having had judgment entered in her favor and her case remanded to the Commissioner for further review.  *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (finding that a remand "which terminates the litigation with victory for the plaintiff" confers prevailing party status under the EAJA); *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989) (deeming prevailing party status appropriate when "the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit'" (alteration in original) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978))).

The next question is whether Blanca's request for attorney's fees is timely.  Section 2412(d)(1)(B) requires that a party seeking an award of fees submit to the court an application for fees and expenses within 30 days of final judgment in the action.  In Social Security cases involving a remand, the filing period for attorney's fees does not begin until the judgment is

2

entered by the court, the appeal period has run, and the judgment has thereby become unappealable and final. *Schaefer*, 509 U.S. at 302 ("An EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e.*, 30 days after the time for appeal has ended."). The joint motion was filed before the time to appeal expired, *see* Fed. R. App. P. 4(a)(1)(B) (providing that either party has sixty days to appeal in a case involving the United States or a United States officer), so it was timely.

The next issue is whether the government's position was "substantially justified." EAJA fees may be awarded if either the Commissioner's litigation position or his pre-litigation conduct lacked substantial justification. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). For the Commissioner's position to have been substantially justified, it must have had reasonable factual and legal bases and a reasonable connection between the facts and his legal theory. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). Critically, the Commissioner has the burden of proving that his position was substantially justified. *Golembiewski*, 382 F.3d at 724 (citing *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)). Here, the Commissioner joins in the request for EAJA fees, so he cannot be said to have met his burden of establishing that both his litigation position and his pre-litigation conduct were substantially justified.

Finally, no special circumstances exist that would make an award of attorney's fees unjust. Therefore, Blanca is entitled to recover reasonable attorney's fees under the EAJA.

## II.     Reasonableness of Blanca's Attorney's Fees

It is a successful litigant's burden to prove that the attorney's fees he requests are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Reasonable fees are calculated by multiplying the appropriate number of hours worked by a reasonable hourly rate. *Id*. at 433. The rate is calculated with reference to prevailing market rates and capped at $125 per hour unless

the court determines that "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved," warrants a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A). The Seventh Circuit has set forth the following standard for EAJA claimants seeking a higher hourly rate:

> An EAJA claimant seeking a cost-of-living adjustment to the attorney fee rate . . . . may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience. An affidavit from a single attorney testifying to the prevailing market rate in the community may suffice to meet that burden.

*Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015).

To determine the appropriate number of hours worked, the Court turns to Blanca's attorney's time sheet. *See* Time Sheet, Suppl. Mot. Ex. B, ECF No. 20-2 at 4–5. This shows that an attorney, Shiva Trigg, spent 36.4 hours on the case. *Id*. Paralegals spent 7 hours on the case. *Id.* The Court finds that all 43.4 hours were appropriately billed. *Cf. Kinsey-McHenry v. Colvin*, Cause No. 2:12-CV-332-PRC, 2014 WL 1643455, at *3 (N.D. Ind. Apr. 23, 2014) (noting that courts within the Seventh Circuit have found 40 to 60 hours expended on a Social Security appeal reasonable).

Blanca's counsel states that the attorney work should be compensated at the hourly rate of $257.50 for work done before April 2025 and at the hourly rate of $260.00 for work done in April 2025 or after. *See* Konoski Decl. ¶¶ 11–14, ECF No. 20 at 3–7. To justify the requested attorney rate, he points to changes in the consumer price index ("CPI") for New York and New Jersey, which is where his law firm is located, between March 1996, when the $125 per hour rate was set, and January and April 2025. *Id.* ¶¶ 10–12. It is not particularly clear why counsel chose January and April 2025 as comparisons when the attorney work in this case was completed in March, May, and November 2025. *See* Time Sheet. But the Court will follow counsel's lead.

4

To determine what rate above the statutory ceiling may be authorized, courts have looked to the ratio of the CPI at the time legal services were rendered to the CPI at the time the current statutory limit of $125 was set.  The $125 limit is multiplied by this ratio to determine the proportional change in rate.  *See, e.g.*, *Booker v. Colvin*, No. 09 C 1996, 2013 WL 2147544, at *6 (N.D. Ill. May 16, 2013); *Carnaghi v. Astrue*, No. 11 C 2718, 2012 WL 6186823, at *5 (N.D. Ill. Dec. 12, 2012).  The CPI for all urban consumers in New York, Newark, and Jersey City in March 1996 was 166.5, in January 2025 was 341.144, and in April 2025 was 344.047.  *See Price Index for All Urban Consumers (CPI-U) New York-Newark-Jersey City, NY-NJ-PA*, U.S. Bureau of Labor Statistics, https://data.bls.gov/timeseries/CUURS12ASA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true (change output to From: 1996, then click "GO") (last visited May 26, 2026).[1]  For January 2025, the CPI had increased by a factor of approximately 2.05.  For April 2025, the CPI had increased by a factor of approximately 2.07.  Accordingly, an increase in the statutory cap to $256.25 is warranted for January 2025 and an increase in the statutory cap to $258.75 is warranted for April 2025.

Blanca's attorney cites to a survey report indicating that the "average hourly rate for all attorneys in the New York City regions was $447" for the years 2017 and 2018 and states that, accordingly, "the requested hourly rate[s] . . . . [are] an adequate fee based on market rates in the region."  Konoski Decl. ¶ 13.  This is not the most convincing evidence as it is outdated and does not necessarily reflect the "market rate in the community for similar services by lawyers of

---

[1] Blanca's counsel identifies the incorrect CPIs for the stated time periods.  *See* Konoski Decl. ¶¶ 11–12.  The link he provided to the data he relied on does not work.  It appears he may have been relying on the CPI for urban wage earners and clerical workers rather than for all urban consumers.  *See* Consumer Price Index – New York-Newark-Jersey City, NY-NJ-PA (1982-84 = 100), U.S. Bureau of Labor Statistics, https://www.bls.gov/regions/northeast/data/xg-tables/ro2xgcpiny.htm (last visited May 26, 2026).

comparable skill and experience." *Sprinkle*, 777 F.3d at 423.  But since the motion is undisputed, the Court accepts this as sufficient for this case.  In the future, however, Blanca's counsel should heed *Sprinkle*'s guidance more closely.  Applying the $256.25 rate to 21.8 hours of work completed after January 2025 but before April 2025, *see* Time Sheet, and the $258.75 rate to 14.6 hours of work completed after April 2025, *id.*, Blanca would be entitled to a total of $9,364.00 in attorney fees.

Blanca's counsel states that paralegal work should be compensated at a rate of $120 per hour.  *See* Konoski Decl. ¶ 14.  "Fees for work done by paralegals can be awarded under the fee-shifting provision of the EAJA."  *Krecioch*, 316 F.3d at 687.  Blanca's counsel does not provide any support for the hourly rate sought, but courts within this circuit have found hourly rates for paralegals between $100 and $125 to be reasonable in EAJA cases.  *See, e.g.*, *Nicole M. P. v. Bisignano*, No. 4:25-cv-04051-SLD-RLH, 2025 WL 2965120, at *3 (C.D. Ill. Oct. 17, 2025).  Based on an hourly rate of $120 and 7 hours of work, Blanca would be entitled to $840 for paralegal work.

Blanca would be entitled to a total of $10,204 in fees under the EAJA under the above analysis.  She has agreed with the Commissioner to only seek $9,500 in EAJA fees.  That amount is reasonable as well.

## CONCLUSION

Accordingly, the Joint Motion to Award Attorney Fees and Expenses, ECF No. 18, and supplemental motion for attorney fees, ECF No. 20, are GRANTED.  Plaintiff Blanca L. is awarded $9,500 in EAJA fees.  This amount may be offset to satisfy any pre-existing debt that Blanca owes to the United States.  *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010).  Blanca has assigned her right to EAJA fees to her attorney.  *See* Fee Agreement, Suppl. Mot. Ex. A, ECF

6

No. 20-2 at 1–3; Assignment, Suppl. Mot. Ex. B, ECF No. 20-2 at 6–7.  Thus, if Defendant Commissioner of Social Security can verify that Blanca does not owe a pre-existing debt to the United States subject to offset, the Commissioner shall direct payment of the award to Konoski & Partners, P.C.  *See Mathews-Sheets v. Astrue*, 653 F.3d 560, 565–66 (7th Cir. 2011), *overruled on other grounds by Sprinkle*, 777 F.3d 421.  If payment is mailed rather than electronically deposited, the Commissioner will instruct the U.S. Department of the Treasury that any check be made payable to Blanca and mailed to Konoski & Partners, P.C. at its address of record: 180 Tices Lane, Suite 204, Building A, East Brunswick, NJ 08816.

Entered this 26th day of May, 2026.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE

7